UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**M&M TRUCKING GUDULLU, LLC**, *et al.*,

    Plaintiffs,

v.

**LIBERTY KENWORTH-HINO TRUCK SALES, INC.**, *et al.*,

    Defendants.

No. 1:22-cv-3593

**OPINION**

**APPEARANCES**:

Timothy G. Hiskey
12 North Main Street
P.O. Box 157
Allentown, NJ 08501

    *On behalf of Plaintiffs*.

Anthony M. Pisciotti
Clifford Mark Laney
Danny Charles Lallis
PISCIOTTI LALLIS ERDREICH
30 Columbia Turnpike
Suite 205
Florham Park, NJ 07932

    *On behalf of Defendants*.

**O'HEARN, District Judge.**

This matter comes before the Court on a Partial Motion to Dismiss by Defendants Gabrielli Truck Sales, Inc. ("Gabrielli"), Liberty Kenworth-Hino Truck Sales, Inc. ("Liberty"), PACCAR, Inc. ("PAACAR") (collectively "Defendants"). (ECF No. 9). The Motion seeks the dismissal of

Counts II (Breach of Contract against all Defendants); III (Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("NJCFA") against all Defendants); IV (Breach of Express Warranty against PACCAR and Liberty);[1] V (Breach of Implied Warranty of Merchantability against PACCAR and Liberty); VI (Breach of Implied Covenant of Good Faith and Fair Dealing against PACCAR and Liberty); and VII (Negligent Repair against Gabrielli) of Plaintiffs' Verified Complaint, (ECF No. 1-1).[2] The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

I. **Factual Background and Procedural History**[3]

In January 2017, Plaintiff Abdullah Oskusal, the sole owner of Plaintiff M&M Trucking, LLC (collectively, "Plaintiffs"), entered into an agreement with Liberty to purchase a new Kenworth truck for approximately $193,000. (Compl., ECF No. 1-1 at 2). They executed a Warranty Agreement—comprising both the Kenworth's Limited Warranty Agreement (for the frame) and the PACCAR Engine Limited Warranty (for the engine)—which included the following warranty disclaimer:

> **WARRANTY DISCLAIMER AND LIMITATIONS OF LIABILITY**
>
> **This limited warranty is the sole warranty made by Kenworth and the Selling Dealer. Except for the above limited warranty, Kenworth and the Selling Dealer make no other warranties, express or implied.** KENWORTH AND THE SELLING DEALER EXPRESSLY DISCLAIM ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

---

[1] Defendants contend that the only viable claim is a breach of express warranty against PACCAR and move to dismiss Count IV as to Defendant Liberty. (Motion, ECF No. 9, at 15).

[2] For clarity, the Court notes that because of the structure of Plaintiffs' Verified Complaint there is no substantive count set forth in Count I. (Compl., ECF No. 1-1 at 2).

[3] Since the Motion comes before the Court under Rule 12(b)(6), the Court accepts the factual allegations in the Amended Complaint as true and will view all facts in the light most favorable to Plaintiffs as non-moving parties. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

> IT IS AGREED THAT KENWORTH AND THE SELLING DEALER SHALL NOT BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES INCLUDING, BUT NOT LIMITED TO: LOSS OF PROFITS; VEHICLE DOWNTIME; THIRD PARTY DAMAGE, INCLUDING DAMAGE OR LOSS TO OTHER VEHICLES OR PROPERTY, ATTACHMENTS, TRAILERS AND CARGO; LOSS OR DAMAGE TO PERSONAL CONTENTS; COMMUNICATION EXPENSES; LODGING AND/OR MEAL EXPENSES; FINES; APPLICABLE TAXES OR BUSINESS COSTS OR LOSSES; ATTORNEY'S FEES; AND ANY LIABILITY YOU MAY HAVE IN RESPECT TO ANY OTHER PERSON OR ENTITY.

(Def. Br. in Opp., ECF No 9-3 Exh. A–B).[4] Plaintiffs allege they also purchased an extended warranty from Liberty for an additional $8,000. (ECF No. 1-1 at 2).

Plaintiffs operated a commercial business—hauling and transporting goods among other operations—and relied on their trucks to do so. (ECF No. 1-1 at 2). Plaintiffs allege they relied on Liberty's representations that the truck purchased was fit for use in their business. (ECF No. 1-1 at 2). Plaintiffs further allege that Liberty and PACCAR, the truck's manufacturer, knew or should have known before the sale that the truck's engine was defective "as the engine had a long history" of repeatedly losing power. (ECF No. 1-1 at 2–3). Plaintiffs allege that Liberty and PACCAR advertised that the truck's engine had a design life of over 100,000 miles, but the truck became

---

[4] On a Rule 12(b)(6) motion, courts may only consider allegations contained in the complaint, exhibits attached to complaint, and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d); *but see U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis omitted) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."). The Warranty Agreement is integral to Plaintiffs' claims and expressly referenced in the Verified Complaint. (Compl., ECF No. 1-1 at 8, "These Defendants breached the Express Warranties, including the underlying purchase warranty and the Extended Warranty"). Plaintiffs do not dispute the validity of the Warranty Agreement, and thus, the Court will consider its terms without converting the Motion into one for summary judgment.

inoperable at less than half of that. (ECF No. 1-1 at 3).

In April 2021, Plaintiffs notified Liberty of the truck's power issue and brought it to Gabrielli for repairs. (ECF No. 1-1 at 3). Plaintiffs allege Gabrielli agreed to honor the extended warranty. (ECF No. 1-1 at 3). Gabrielli replaced the truck's "engine harness" under the extended warranty and charged Plaintiffs $2,000 for the replacement. (ECF No. 1-1 at 3). Gabrielli also told Plaintiffs that the truck needed a computer chip to solve the engine issue. (ECF No. 1-1 at 3). Plaintiffs paid $2,400 for the computer chip. (ECF No. 1-1 at 3). But Plaintiffs allege the computer chip, which took ten months to arrive, did not resolve the power issue. (ECF No. 1-1 at 3). Indeed, Plaintiffs allege Gabrielli has not resolved the power issue as of the date of the filing of this action and because of this, the truck remains inoperable. (ECF No. 1-1 at 4). Plaintiffs also allege that they relied on representations by Gabrielli that the truck would be repaired within a reasonable time. (ECF No. 1-1 at 5).

Thereafter, on April 29, 2022, Plaintiffs commenced this action in the Superior Court of New Jersey, Burlington County, alleging breach of contract, New Jersey Consumer Fraud Act violations, breach of express warranty, breach of implied warranty of merchantability, breach of implied covenant of good faith and fair dealing, and negligent repair. (ECF No. 1-1). Defendants timely removed the case to this Court on June 8, 2022, under 28 U.S.C. §§ 1441 and 1446, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1).

On June 29, 2022, Defendants filed the present Motion to Dismiss. (ECF No. 9). Plaintiffs filed a Response, (ECF No. 11), to which Defendants replied, (ECF No. 12).

## II.     Legal Standard

A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A district court, in deciding a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III.    Discussion

In response to Defendant's Motion, Plaintiffs concede to dismissal of Counts III (Violation of NJCFA) against Gabrielli;[5] IV (Breach of Express Warranty) against Liberty;[6] V (Breach of Implied Warranty of Merchantability) against Liberty; VI (Breach of Implied Covenant of Good Faith and Fair Dealing) against PACCAR and Liberty; and VII (Negligent Repair) against Gabrielli, and thus those will be dismissed with prejudice. The remaining claims are Count II (Breach of Contract) against all Defendants, Count III (Violation of NJCFA) against Liberty and PACCAR, and Count V (Breach of Implied Warranty of Merchantability) against PACCAR. The

---

[5] The only claim Plaintiffs defend as to Defendant Gabrielli is Count II (Breach of Contract). (Pla. Br. in Opp., ECF No. 11 at 6).

[6] The only claims Plaintiffs defend as to Defendant Liberty are Counts II (Breach of Contract) and III (Violation of NJCFA). (Pla. Br. in Opp., ECF No. 11 at 4).

Court will address the remaining claims and then turn to Defendants' contention that any damages should be limited because consequential damages are not available to Plaintiffs.

### A. Count II (Breach of Contract against all Defendants)

Defendants contend that Plaintiffs' breach of contract claim should be dismissed because it is duplicative of the breach of express warranty claim, and Plaintiffs have not identified any applicable contract terms apart from the express warranties at issue. (Def. Br., ECF No. 9-1 at 11–12). Plaintiffs argue that the breach of contract claim against Liberty should remain because it is responsible for the representations made by PACCAR, particularly those made about the expected design life of the engine. (Pla. Br., ECF No. 11 at 5). As to Gabrielli, Plaintiffs assert that, though Plaintiffs do not possess a copy of the alleged written agreement for the truck's repair, such agreement "must have at least implied that such repair was to be done within a reasonable time" and that Gabrielli's failure to diagnose the problem by "installing an engine harness and an ECM computer chip to no avail, likely also violated the terms of the repair agreements." (Pla. Br., ECF No. 11 at 8). The Court agrees with Defendants and dismisses Count II with prejudice.

In the Verified Complaint, Plaintiffs allege they contracted with Liberty to purchase the truck and with PACCAR to purchase the additional extended warranty. (Compl., ECF No. 1-1 at 6). Plaintiffs allege neither Liberty nor PACCAR satisfied the terms of the contracts because Liberty failed to deliver a product consistent with the contract and PACCAR failed to deliver an engine and warranty of any value. (ECF No. 1-1 at 6). Further, Plaintiffs allege they entered into a contract with Gabrielli to "honor the extended warranty to repair the truck within a reasonable time period but such repair period is unreasonable" as it has been eleven months and the truck is still not repaired. (ECF No. 1-1 at 6).

However, Plaintiffs' breach of contract claims are duplicative of the warranty claim because Plaintiffs have not identified, with any specificity, any contract between the parties other than the Warranty Agreement. *See Robinson v. Kia Motors Am., Inc.*, No. 13-006, 2015 WL 5334739, at * 15 (D.N.J. Sept. 11, 2015) (dismissing plaintiffs' breach of contract claim as duplicative because "Plaintiffs have identified no contract between the parties other than the express warranty"); *Laney v. Am. Standard Cos.,* No. 07-03991, 2010 WL 3810637, at *1 n.2 (D.N.J. Sept.23, 2010) ("[Plaintiff's] breach of contract claim appears to be duplicative of his breach of express warranty claim. . . . Since they are identical claims, the court considers them as a single claim and dismisses [p]laintiff's breach of contract claim."); *Pro-Spec Painting, Inc. v. Sherwin-Williams Co.*, No. 16-02373, 2017 WL 2106123, at *6 (D.N.J. May 15, 2017) (dismissing breach of contract claim because the plaintiff alleged "only that [the defendant] breached the contract (i.e. the purchase order) by providing a defective product, which is also the basis for the breach of warranty claim").

Moreover, Plaintiffs do not allege what, if any, additional contract terms Defendants breached separate from their breach of warranty claim. As to Plaintiffs' allegations regarding the length of time the repairs took and the types of repairs made, Plaintiffs only speculate that the alleged agreement "must have at least implied that such repair was to be done within a reasonable time," and "likely also violated the terms of the repair agreements." (Pla. Br., ECF No. 11 at 5). Even if Plaintiffs were able to produce a contract with these terms, however, they would still be duplicative of the warranty claim. Thus, because Plaintiffs' breach of contract claim is duplicative of their warranty claim and leave to amend would be futile, Count II is dismissed with prejudice in its entirety.

7

### B. Count III (NJCFA Violations against Liberty and PACCAR)

Defendants argue that Plaintiffs fail to state a claim under the NJCFA because they have failed to plead with particularity any aggravating circumstances, affirmative misrepresentations, or knowing omissions on Defendants' part. The Court agrees and dismisses Count III without prejudice.

To state a cause of action under the NJCFA, a plaintiff must show "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 389 (2007)). "The NJCFA does not require a direct relationship, or privity, between plaintiff and defendant. To the contrary, it encompass[es] the acts of remote suppliers . . . whose products are passed on to a buyer and whose representations are made to or intended to be conveyed to the buyer." *T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 14-04209, 2015 WL 1119475, at *5 (D.N.J. Mar. 11, 2015) (internal quotations and citations omitted).

To bring a claim under the NJCFA a plaintiff must also comply with the heightened pleading standard in Federal Rule of Civil Procedure 9(b). *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Under the Rule, "the pleadings must state what the misrepresentation was, what was purchased, when the conduct complained of occurred, by whom the misrepresentation was made, and how the conduct led [the defendants] to sustain an ascertainable loss." *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 558 (D.N.J. 2013) (citation omitted). Plaintiffs have not met this heightened standard. They have not pled—let alone with particularity—any (i) aggravating circumstances, (ii) affirmative misrepresentations, or (iii)

8

knowing omissions on Defendants' part.

First, as to aggravating circumstances, the Supreme Court of New Jersey has held that NJCFA plaintiffs cannot succeed on claims premised—as here—on a breach of a warranty without showing "aggravating circumstances." *See Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). Plaintiffs point to no such circumstances; their essentially boilerplate allegations of warranty breaches are insufficient to sustain a claim under the NJCFA.

Second, as to affirmative misrepresentations, a plaintiff asserting a NJCFA claim must plead at minimum "the what, where, and when of Defendant's alleged misrepresentations." *Torres-Hernandez v. CVT Prepaid Sols., Inc.*, No. 08-01057, 2008 WL 5381227, at *6 (D.N.J. Dec. 17, 2008). Plaintiffs fail to allege these basic facts. It is not clear whether the representations referred to in the Verified Complaint were advertisements, contract terms, or orally communicated by an employee of Defendants. And regardless of where the representations came from, Plaintiffs have not identified when or where they were made. Thus, Plaintiffs have not met their pleading burden under Rule 9(b) and their NJCFA claims must be dismissed.

Finally, as to knowing omissions, Plaintiffs must show that Defendants knowingly omitted a material fact with the intent to induce Plaintiffs' reliance, *Vagias v. Woodmont Props., LLC*, 894 A.2d 68, 71 (N.J. App. Div. 2006), but again make no such allegations. The Verified Complaint's conclusory recitation of the elements of a claim—e.g., "[Defendants] deliberately withheld material facts" and "[t]hey intended that Plaintiffs rely on their misrepresentations and omissions," (Compl., ECF No. 1-1 at 7)—without any facts to support them are not enough to survive a motion to dismiss. *E.g.*, *Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-00846, 2011 WL 2976839, at *40–41 (D.N.J. July 21, 2011). Neither is Plaintiffs' after-the-fact suggestion that a years-old class

9

action against Defendants supports an NJCFA claim. Whether or not this prior suit actually demonstrates Defendants' knowledge of a defect that it withheld from Plaintiff, Plaintiffs' Verified Complaint contains no factual allegations related to that suit from which one could draw such a connection. Absent any allegations of Defendants' knowledge or intent, Plaintiffs have not stated an NJCFA claim.

It may be that Plaintiffs can plead the facts necessary to support an NJCFA claim. But they have not done so. Accordingly, because Plaintiffs have failed to meet the heightened pleading standard of Federal Rule 9(b), Count III of the Verified Complaint is dismissed with prejudice against Gabrielli and without prejudice against PACCAR and Liberty.

### C. Count V (Breach of Implied Warranty of Merchantability against PACCAR)

Defendants contend that Plaintiffs cannot prevail on a claim for breach of implied warranty of merchantability because said warranty was conspicuous and properly disclaimed in the Warranty Agreement. This Court agrees and dismisses Count V with prejudice.

Under New Jersey law, a warranty of merchantability is implied in every contract for the sale of goods, but may be disclaimed. N.J.S.A. §§ 12A:2–314, 12A:2–316. An implied warranty of merchantability "protect[s] buyers from loss where the goods purchased are below commercial standards or are unfit for the buyer's purpose." *Crozier v. Johnson & Johnson Consumer Co.*, 901 F. Supp. 2d 494, 509 (D.N.J. 2012) (quoting *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992)).

Disclaimers of express warranties must be "clear and conspicuous." *Gladden v. Cadillac Motor Car Div.*, 83 N.J. 320, 331 (1980); N.J.S.A. § 12A:2–316(2). To be conspicuous, a disclaimer must be "so written that a reasonable person against whom it is to operate ought to have

noticed it." *Id.*; N.J.S.A. § 12A:1–201(10). "A printed heading in capitals is conspicuous. Language in the body of a document is conspicuous if it is . . . larger than the surrounding text, or otherwise contrasts the surrounding text in type, font, or color." *T.J. McDermott Transp. Co.*, 2015 WL 1119475, at *12.

The warranty here is exactly as is required for effective disclaimer, it is printed in large, capital letters in contrast to the regular font around it:

> **This limited warranty is the sole warranty made by Kenworth and the Selling Dealer. Except for the above limited warranty, Kenworth and the Selling Dealer make no other warranties, express or implied.** KENWORTH AND THE SELLING DEALER EXPRESSLY DISCLAIM ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

(Def. Br., ECF No. 9-1 at 3). While capitalized print is not limited exclusively to this warranty section, the additional capitalized language elsewhere does not obscure the disclaimer when the Warranty Agreement is viewed in its entirety. *See Jordan v. Four Winds Int'l, Inc.*, No. 08-129, 2010 WL 1337691, at *9 (W.D. Pa. Mar. 31, 2010) (finding the presence of capitalized language elsewhere did not negate the conspicuousness of the warranty at issue). Further, the disclaimer uses the word "merchantability" and is located among the other warranty information under a capitalized and bolded header reading "**WARRANTY DISCLAIMER AND LIMITATIONS OF LIABILITY**." (Def. Br., ECF No. 9-1 at 3); *see T.J. McDermott Transp. Co.*, 2015 WL 1119475, at *12 (barring a claim for breach of implied warranty where a warranty was "conspicuous for its all-capital font and presence amidst all of the other warranty information"). Although the burden of preparing an effective disclaimer is a heavy one, the Warranty Agreement here, viewed in its entirety, lays out the warranty disclaimer in a sufficiently conspicuous manner such that a reasonable person ought to have noticed it. Because the implied warranty of

merchantability was properly disclaimed, Count V of Plaintiffs' Verified Complaint is dismissed with prejudice in its entirety.

### D. Consequential Remedies

Defendants further seek to limit or exclude consequential damages pursuant to N.J.S.A. § 12A:2-719(3) because such damages were properly disclaimed in a warranty that was not unconscionable. *See Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*, 635 F.2d 1081, 1083 (3d Cir. 1980) (finding that a consequential damage disclaimer in a warranty may be upheld if not unconscionable under New Jersey law). Plaintiffs contend that the express coverage exclusion is unconscionable under the circumstances. (Pla. Br. in Opp., ECF No. 11 at 8–11). To resolve the issue, the Court must determine the validity of the disclaimer of consequential damages which—in turn—requires the Court to "examine whether the seller breached the express warranty." *Skalski v. Elliot Equip. Co.*, No. 08–2686, 2010 WL 891582, at *6 (D.N.J. Mar. 9, 2010) (evaluating the validity of the limitation on consequential damages at the summary judgment stage). Because the Court makes no findings on the merits of Plaintiffs' claims at the 12(b)(6) stage, Defendants' attempt to limit damages is more appropriately raised in a summary judgment motion. *See T.J. McDermott Transp. Co.*, 2015 WL 1119475, at *15 ("Because the Court cannot, on a motion to dismiss, make determinations about the merits of Plaintiff's breach of express warranty claims, the Court cannot now determine whether Defendants' disclaimers of consequential and incidental damages are enforceable.").

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss, (ECF No. 9), is **GRANTED** in part and **DENIED** in part. Count II (Breach of Contract) is **DISMISSED with prejudice** in its entirety. Count III (Violation of NJCFA) is **DISMISSED with prejudice** as to Gabrielli and **DISMISSED without prejudice** as to PACCAR and Liberty. Count IV (Breach of Express Warranty) against PACCAR and Liberty is **DISMISSED with prejudice** as to Liberty only. Count V (Breach of Implied Warranty of Merchantability) against PACCAR and Liberty is **DISMISSED with prejudice** in its entirety. Count VI (Breach of Implied Covenant of Good Faith and Fair Dealing) against PACCAR and Liberty is **DISMISSED with prejudice** in its entirety. Count VII (Negligent Repair) against Gabrielli is **DISMISSED with prejudice** in its entirety. The sole claim remaining is Count IV (Breach of Express Warranty) against PACCAR only. Defendants' request to exclude consequential damages pursuant to N.J.S.A. § 12A:2-719(3) is **DENIED without prejudice**. An appropriate Order accompanies this Opinion.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**